## D. D. DALY v. E. E. CORLISS.[1]

February 24, 1911.

Nos. 16,842—(143).

**Broker's commission — question for jury.**
> In an action to recover commissions for the sale of land, it is *held* that the evidence presented a question of fact, and the court erred in directing a verdict for defendant.

Action in the district court for Otter Tail county by the executor of the estate of James Nash, deceased, to recover $173 for procuring a purchaser for certain land. The facts are stated in the opinion. The case was tried before Baxter, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*How, Butler & Mitchell* and *Donohue & Stephens,* for appellant.
*J. W. Mason* and *E. E. Corliss,* for respondent.

[JAGGARD, J.] [2]

This action was brought by the executor of the estate of James Nash, deceased, plaintiff and appellant, against defendant and respondent, to recover a commission which defendant promised to pay decedent on the sale of certain described property on named terms. Decedent produced a purchaser, whom defendant accepted, and to whom defendant contracted to sell the land. Defendant admitted that a contract for sale was made with the individuals named in

[1]Reported in 129 N. W 1048.

[2]See per curiam order on page 43.

the complaint, but alleged that the individual and defendant agreed between them that the contract should be void unless $500 in cash was paid before a certain date, that said writing was never in fact delivered, and that the said payment was never made. It appeared on trial that such payment was not in fact made at the time stipulated, or at a later time, at which defendant had agreed to receive it. It further appeared that the alleged purchaser signed an agreement reciting inability to perform the contract, requesting that the contract be canceled, and releasing defendant's farm from his agreement. To this defendant consented in writing. Thereafter defendant sold the land to the purchasers for substantially the same consideration; but the purchasers secured the cash payment by chattel mortgage and by a mortgage on other real estate. The trial court directed a verdict for defendant. The appeal was taken from the order refusing a new trial.

The legal principles involved are extremely simple. The defendant insists that the terms upon which defendant promised to pay decedent commission were not complied with, for the final reason that the purchaser did not pay the $500 required; that the agreement of cancellation was final and in good faith; and that, the purchasers not having complied with the terms of the original contract, plaintiff was unaffected by the second sale. The whole question turns upon the testimony of the alleged purchaser as to whether the so-called second sale was a mere continuation of the first, and was a mere device to evade payment of commission to decedent, or was a new transaction entered into after a bona fide cancellation of the first contract. The intended purchasers' testimony shows that, while it was not clear and consistent, it was repeated that purchaser insisted that defendant refused to release him under the first contract. Moreover, the testimony was that during all this time the purchaser was and remained in possession of the premises. Under the circumstances the question was for the jury.

Per Curiam.

For the reasons given in the foregoing opinion, prepared by the late Justice Jaggard, the order appealed from is reversed.