# D. D. DALY v. E. E. CORLISS.[2]

November 24, 1911.

Nos. 17,353—(126).

**Broker's commission.**

In an action to recover a commission for making a sale of land, the question whether a second contract between the parties was in fact a continuation of the first contract, which had been canceled after default, or a new transaction was a question for the jury, and the verdict in favor of plaintiff was sustained by the evidence. [Reporter.]

Action by the executor of the last will of James Nash, deceased, in the district court for Otter Tail county to recover $173, commission for making a sale of certain real estate. After the former appeal reported in 114 Minn. 42,

[1] Reported in 133 N. W. 1134.  [2] Reported in 133 N. W. 1132.

129 N. W. 1048, the case was tried before Nye, J., and a jury which returned a verdict in favor of plaintiff for $203.90. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*J. W. Mason* and *E. E. Corliss*, for appellant.

*How, Butler & Mitchell* and *Donohue & Stephens*, for respondent.

PER CURIAM.

This is an appeal from an order denying the defendant's motion for judgment notwithstanding the verdict or a new trial, in an action to recover a commission on the sale of land by the plaintiff's intestate. The general facts of the case and the controlling issue were stated in the opinion of this court in disposing of a former appeal in this case. 114 Minn. 42, 129 N. W. 1048. The pivotal question on this appeal is, as it was on the former appeal, whether a second contract for the sale of the land, made by the defendant in person with the same party with whom a former contract for the sale of the land had been made through the agency of plaintiff's intestate, which after default therein was cancelled by a written contract of the parties, was in fact a continuation of the first contract, or a new transaction after a bona fide cancellation of the first one. We held on the former appeal that this question was for the jury. The evidence on the last trial was substantially the same as on the first one, and we hold that the question on the last trial was also one of fact for the jury, and that the verdict is sustained by the evidence.

The defendant assigns a number of errors as to the rulings of the trial court on the admission of evidence, and as to its instructions to the jury. We find no reversible error in the court's rulings as to the admission of evidence, or in its charge to the jury, when it is considered as a whole.

We are not entirely clear in reference to the instruction to the effect that, if the jury found for the plaintiff, interest should be added from January 1, 1908, as the commission was to be paid out of a payment for the land to be made on that date, but the evidence shows that such payment was not made until the fall of 1908. Equitably, however, the defendant ought, if liable at all, to pay interest on the amount found due from the date fixed by the court, if not from January 10, 1907. The record shows that a mortgage was given on that day by the purchaser to the defendant securing the purchase price with interest at six per cent per annum. However this may be, if the court by inadvertence or otherwise named the wrong date from which to compute the interest, its attention should have been called to the alleged error before the jury retired, which was not done.

Order affirmed.